IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALVIN JONES                                                                                          PLAINTIFF

VS.                                       CASE NO. 05-CV-1116

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Alvin Jones has appealed the final decision of the Commissioner of the Social Security Administration, denying his claims for Disability Insurance Benefits (DIB). The issue before this Court is whether the Commissioner's decision is supported by substantial evidence. Jones applied for benefits on January 15, 1999, alleging disability since November 24, 1996, because of a spinal and left hip fracture, arthritis in the hips and lower back, and a fractured forearm. Jones's application was denied initially, on reconsideration, and then by an administrative law judge (ALJ) in a July 18, 2000 decision. Jones appealed to the United Stated District Court, and his case was remanded to the Commissioner for further proceedings.

A supplemental hearing before an ALJ was held on August 18, 2003. The ALJ determined that the only issue for his review was whether Jones qualified for DIB during the period of November 24, 1996[1], through December 31, 1999.[2] The ALJ concluded that Jones was

---

[1] Jones filed a previous DIB application alleging disability since November 6, 1993, which was denied initially, on reconsideration, and again by an ALJ on November 23, 1996. The Appeals Council denied Jones's request for review, and the ALJ's decision became the final decision. Thus, when Jones filed his second DIB application that is the subject of this appeal, he alleged an onset date of November 24, 1996, which is the day after the ALJ's final decision.

[2] This is the date that Jones last met the insured status requirements.

capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Thus, the ALJ concluded that Jones was not under a disability as defined by the Social Security Act.  The Appeals Council denied Jones's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  Jones filed a timely complaint in this Court.  Both parties have filed appeal briefs.  After careful consideration of the record as a whole, this Court finds that the decision of the Commissioner is not supported by substantial evidence.

## I. STANDARD OF REVIEW

The Court's function on review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole.  *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  In assessing the substantiality of the evidence, the Court must consider both evidence that supports and evidence that detracts from the Commissioner's decision.  *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006).  This Court may not reverse the Commissioner's decision simply because substantial evidence may support the opposite conclusion.  *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

## II. BACKGROUND

Jones was fifty years old at the time of the 2003 hearing, and he had completed a high school education. Jones was employed by a beam company for approximately seventeen years. For the first six years, Jones drove a forklift.  For the remainder of his employment, Jones held the position of finisher.  A finisher is one who uses saws to cut on the large, wood beams.

### A. The Medical Evidence

Jones has a history of diagnosis and/or treatment for mild degenerative disc disease with chronic lumbar strain, bilateral tibial nerve neuropathy, bilateral pes plantia, and low back and hip pain. Jones was involved in a motor vehicle accident in 1993, and he sustained injuries to his back and left arm. Following these injuries, he was treated with physical therapy for a period of five months. After undergoing extensive physical therapy, it was determined that Jones had reached maximum medical improvement. He was given a whole body impairment rating of five percent.

In October 1996, Jones complained of recurring back pain. X-rays of the lumbar spine found disc narrowing and degenerative changes at L5-S1. In December 1996, EMG and nerve conduction studies found bilateral tibial nerve neuropathy in Jones's lower legs. In March 1999, Jones underwent a general physical examination. It was noted that Jones walked with a slow gait, and Jones reported no numbness or pain radiating into his legs. Jones had decreased flexion in the lumbar spine, and his lower back was tender to touch. Jones had normal hip flexion bilaterally. It was noted that it was difficult for Jones to perform heel and toe walking and that Jones had a decreased range of motion in both knees. It was reported that Jones had flat feet, and he was given a diagnosis of low back and hip pain. At the time of the examination, Jones was using a TENS unit for pain on an as-needed basis.

Dr. Julius K. Sheppard completed a post hearing consultative examination on May 16, 2000. Dr. Sheppard noted that Jones was stiff all over and that he appeared to be crouched down approximately ten to fifteen degrees at all times. Jones had normal range of motion in his neck. Heel and toe walking were intact. No motor function or sensory abnormalities were found. An

examination of the claimant's neck revealed that it was within normal limits. X-rays of the lumbar spine were normal. Jones was diagnosed with chronic lumbar strain with a possible myofascial systemic component. Dr. Sheppard determined that Jones had the ability to lift ten pounds occasionally and less than ten pounds frequently. He also determined that Jones could stand and/or walk up to two hours in an eight-hour workday and could sit up to six hours in a workday. Dr. Sheppard opined that Jones had a limited ability to reach and to push and pull. Jones could occasionally climb and balance but could not kneel, crouch, or crawl. Dr. Sheppard noted environmental limitations regarding temperature extremes, vibrations, hazardous areas, and fumes. An MRI of Jones's spine on April 21, 2003, revealed minimal degenerative disease but found minimal bulging across the canal anteriorly at L4-5.

### B. Testimony from the Hearing

According to Jones, he can drive approximately thirty-five miles at one time before he has to stop because of pain and stiffness. Jones explained that he is unable to work because of his back and hip pain. Occasionally, when Jones is walking, his hip will give out and this causes him to fall. Jones has occasional pain in his neck. Jones described his collective pain as mild, moderate, and severe and explained that some days of pain were worse than other days. The cold weather and rainy weather aggravates his pain. When he sits for too long, he gets stiff and has to get back up and move around. Jones has an arm injury that, according to him, caused him to have a diminished grip in his left hand. Jones stated that he was able to stand for twenty minutes at a time.

Jones is unable to do yard work, and he walks with a cane. Jones testified that has been taking Celebrex for arthritis, Propox for pain, and Cyclobenzaprine to relax his muscles since

1993.  Jones was also taking two anti-depressants at the time of the hearing.  According to Jones, the medicine makes him nauseated and drowsy.  Jones has to rest two to three times during the day.  Jones's sister comes to his house regularly to help him clean up and to cook.  Jones indicated that he is able to take care of his personal needs, make sandwiches, prepare frozen dinners, manage financial matters, drive, walk, attend church, watch television, read, and visits relatives.

The vocational expert (VE) was asked to assume that he was dealing with an individual who was the same age as Jones and had the same educational background and past work experience.  The vocational expert was asked to further assume that the individual had the following limitations:  lifting and carrying no more than ten pounds occasionally and five ponds frequently; sitting six hours in an eight-hour workday with one to two hours without interruption; standing and walking up to thirty minutes at a time for a total of two hours in a workday; limited walking, climbing, bending, stooping, balancing, crouching, kneeling, and crawling; working inside without temperature extremes, dust, fumes, humidity, heights, or moving machinery.  The VE opined that this hypothetical individual could not perform Jones's past relevant work.  However, the VE testified that this hypothetical individual could perform other work that exists in significant numbers in the national economy, such as a small parts assembler, product inspector/checker, or cashier.

### III. DISCUSSION

In order to receive disability insurance benefits, Jones is required to establish that he is disabled.  One is disabled when he is unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that is expected to result in death or

that has lasted or can be expected to last for a continuous period not less than twelve months. 20 C.F.R. § 404.4505. To meet this definition, one must have a severe impairment that makes him or her unable to do his or her past relevant work or any other substantial gainful work that exists in the national economy. *Id*.

The ALJ is required to apply a five-step sequential evaluation process to each claim for disability benefits; (1) whether the claimant has engaged in substantial gainful activity since filing her claim, (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments, (3) whether the impairment(s) meet or equal an impairment in the listings, (4) whether the impairment(s) prevent the claimant from doing past relevant work, and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520 (2006).

**A.  The ALJ's Decision**

Here, the ALJ found that Jones had not engaged in substantial gainful activity since his alleged onset date and acknowledged that Jones's impairments[3] were severe. The ALJ further found that Jones did not have a listed impairment or an impairment equal to one of the listed impairments.

The ALJ found that Jones retained the residual functional capacity (RFC) to perform a wide range of sedentary work during the relevant time period, which was November 26, 1996, to December 31, 1999. The ALJ further found that Jones was limited to lifting and carrying no more than ten pounds occasionally and five pounds frequently, to sitting six hours in an eight-

---

[3] Jones's impairments included mild degenerative disc disease with chronic lumbar strain, bilateral nerve neuropathy, bilateral pes plantia, and low back and hip pain.

hour workday and one to two hours without interruption, and to standing and walking two hours during a workday and thirty minutes without interruption.  Jones's abilities to walk, reach, and handle with his left hand were limited, and Jones could occasionally climb, bend, stoop, balance, crouch, kneel, and crawl. The ALJ determined that  Jones would need inside work without temperature extremes, dust, fumes, humidity, heights, or moving machinery.  After considering testimony from the vocational expert (VE), the ALJ found that Jones was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, such as a small products assembler, product inspector and checker, and a cashier.

Jones argues that the ALJ's decision that he is not disabled is not supported by substantial evidence for the following reasons:  (1) the ALJ erred in discrediting Jones's subjective complaints of pain (2) the ALJ erred in posing an improper hypothetical to the VE, and (3) the ALJ erred in misquoting Dr. Sheppard's findings regarding the amount of time that Jones could stand, walk, or sit in an eight-hour workday.

Jones asserts that the ALJ erred in discrediting his subjective complaints of pain.  The ALJ is required to consider all the evidence relating to Jones's subjective complaints, including evidence presented by third parties that relates to the following:  (1) Jones's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th

Cir. 2003). Inconsistencies between a claimant's complaints and the record as a whole are a valid basis from which to make assessments regarding both credibility and the severity of symptoms and/or impairments. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). The ALJ must make an express credibility determination that explains, based on the record as a whole, why claims were found to be not credible. *Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006). Credibility findings are for the ALJ to make when the findings are adequately explained and supported. *Id*. This Court will not find error where the ALJ considered, but discredited for good cause, a claimant's complaints of pain. *Brown*, 390 F.3d at 541.

     Here, the ALJ discredited Jones's testimony regarding the extent of his pain primarily because of a lack of objective medical evidence to support Jones's complaints of pain and also because of inconsistencies in the record. The ALJ concluded that the "symptomatology suffered by [Jones] is not of a duration, frequency or intensity as to be disabling nor would it preclude the performance of sedentary work activity."

    Jones testified that he has been unable to perform any kind of work because of chronic pain in his lower back, hip, and legs. The record reflects a significant number of reports of pain by Jones. Jones made these reports of pain at his administrative hearing, in his disability forms, and to treating and consultative physicians. Jones uses pain medication, muscle relaxers, and anti-inflammatory medication on a frequent basis. The medications prescribed for Jones are indicative of reported pain. Jones was prescribed and reported using a TENS unit to help ease his pain. Jones testified that he had difficulty sleeping because of his pain.

     The ALJ found that Jones's performance of certain daily activities was inconsistent with his reports of disabling pain. This was the only inconsistency that the ALJ discussed in his

8

opinion other than there being a lack of objective medical evidence to support Jones's complaints of the duration and frequency of his pain. However, this Court finds that Jones's daily activities are consistent with his complaints of disabling pain. Jones testified that he was able to care for his personal needs, but he was unable to shop for himself, to complete housework, to complete house repairs, and to perform yard work. According to Jones, he could prepare a frozen dinner but could not cook a meal. He could attend church and drive for only a short period of time without having to get up and walk around. However, Jones's ability to engage in some life activities does not support a finding that he retains the ability to do work. *See Forehand v. Barnhart*, 364 F.3d 984, 988 (8th Cir. 2004); *see also see Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir.1989) (holding that "[a]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled").

     The Eighth Circuit has repeatedly stated that a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he has the functional capacity to engage in substantial gainful activity. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *see Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989) (stating that claimant's ability to do light housework with assistance, attend church, or visit with friends on the phone does not qualify as the ability to do substantial gainful activity). Here, Jones does not even engage in cooking, cleaning, or hobbies. The ALJ correctly noted that Jones's daily activities do not alone constitute substantial evidence of Jones's ability to work; however, in this case, the record as a whole fails to support the ALJ's conclusion that Jones's testimony regarding his pain should be discredited.

9

According to Jones, he experienced pain twenty-four hours a day that was aggravated by walking too much, sitting too long, laying down, and moving around the house.  The ALJ, without any discussion, concluded that Jones's medications did not suggest the presence of an impairment that is more limiting than what the ALJ found in his opinion.  Jones was taking pain medication, muscle relaxers, and anti-inflammatory medications on a frequent basis.  Jones testified that the combination of these medications made him nauseated and drowsy during the day and nothing in the record suggested otherwise.

The ALJ found a lack of objective medical evidence to corroborate Jones's complaints of disabling pain.  However, Jones's subjective allegations of pain are corroborated by objective medical tests.  Jones has been diagnosed with degenerative arthritis in his low back.  Dr. Sheppard noted that Jones had "marked tightness and stiffness of the musculature which appears to be a chronic problem.  Dr. Sheppard further noted that Jones had "very little relaxation."  Dr Sheppard opined that Jones suffered from a chronic lumbar strain possibly with a chronic myofascial systemic component. Jones's current medications for pain and arthritis along with muscle relaxers and the use of a TENS unit corroborate his complaints of pain.  Nonetheless, even if there was a lack of objective medical evidence to support Jones's subjective complaints of pain, the Eight Circuit has repeatedly held that an ALJ may not disregard a claimant's subjective complaints of pain solely because there is no medical evidence to support them.  *See Penn v. Secretary of Health and Human Services*, 896 F.2d 313, 316 (8th Cir. 1990).

Jones's subjective complaints of pain are an important part of his claim.  Here, the ALJ discredited Jones's subjective complaints of pain primarily because of a lack of objective medical findings to support Jones's complaints of pain and also because of inconsistencies in the record.

10

This Court does not agree with the ALJ's decision to discredit Jones's complaints. There are objective medical findings in the record that support Jones's complaints of chronic pain, and Jones's complaints are further supported by his inability to perform some basic daily activities and his present medications. Jones's testimony regarding his daily activities; the duration, frequency, and intensity of his pain; and the side effects and dosage of his medications are consistent with his subjective complaints of pain. Thus, this Court is not convinced that Jones's complaints of pain were discredited for good cause. Because the ALJ improperly discredited Jones's subjective complaints of pain, this Court finds that his conclusion that Jones is not disabled is not supported by substantial evidence in the record as a whole.

  Because the ALJ's conclusion that Jones's subjective complaints were not credible is not supported by substantial evidence, on remand the ALJ should pose a question to the vocational expert that includes all of Jones's impairments that the ALJ finds to be credible after serious consideration of all of the evidence. In light of the Court's decision to remand, the undersigned does not reach Jones's last point for reversal regarding the ALJ's apparent misquote of Dr. Sheppard's findings regarding Jones's ability to walk, stand, and sit during a workday.

## IV. CONCLUSION

Therefore, this Court reverses and remands this case for further action.  On remand, the ALJ should give serious consideration to Jones's subjective complaints of disabling pain.  The judgment is reversed, and the case is remanded to the Commissioner for further proceedings consistent with the views set forth in this opinion.

Dated this 16th day of February, 2007.

      /s/ Harry F. Barnes

      Hon. Harry F. Barnes
      United States District Judge